ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL I

| JUAN E. GRAU OTERO<br><br>**Parte recurrida**<br><br>v.<br><br>HOGAR MI NUEVO HOGAR, INC. Y OTROS<br><br>**Parte peticionaria** | TA2025CE00645 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de **Arecibo**<br><br>Civil núm.:<br>**AR2024CV02041**<br><br>Sobre:<br>**Daños y Perjuicios** |

Panel integrado por su presidente, el juez Sánchez Ramos, la jueza Romero García y el juez Pérez Ocasio.

Pérez Ocasio, Juez Ponente

### RESOLUCIÓN

En San Juan, Puerto Rico, a 7 de noviembre de 2025.

Comparece ante nos Hogar Mi Nuevo Hogar, en adelante, Hogar o peticionaria, solicitando que revisemos la *"Resolución"* del Tribunal de Primera Instancia, Sala Superior de Arecibo, en adelante, TPI-Arecibo, notificada el 1 de octubre de 2025. Mediante la misma, el Foro Recurrido declaró *"No Ha Lugar"* una solicitud de sentencia sumaria.

Por los fundamentos que expondremos a continuación, *denegamos* expedir el recurso de autos.

### I.

Según los hechos esbozados en el expediente de autos, Juan Grau Otero, en adelante, Grau Otero o recurrido, quien al momento de los hechos se desempeñaba como un agente de la Policía de Puerto Rico, sufrió un accidente el 22 de octubre de 2023, mientras se encontraba en los predios de la peticionaria atendiendo una querella.[1] Según lo alegado, estando ya de salida, el recurrido tuvo una caída mientras caminaba sobre una rampa en el Hogar.

---

[1] SUMAC, Entrada Núm. 1 y 23.

Por los alegados daños sufridos en este incidente, el 21 de octubre de 2024, Grau Otero presentó una *"Demanda"* contra la peticionaria por la causal de daños y perjuicios.[2] El 3 de diciembre de 2024, el Hogar compareció mediante *"Contestación a la Demanda"*.[3] El litigio del caso y el descubrimiento de prueba estuvo cursando hasta el 29 de agosto de 2025, cuando el Hogar presentó una *"Solicitud de Sentencia Sumaria"*.[4] En su escrito, la peticionaria arguyó que procedía la desestimación total de la demanda en su contra.

El 9 de septiembre de 2025, Grau Otero radicó una *"Moción en Objeción a Sentencia Sumaria"*.[5] Así, el 1 de octubre de 2025, el TPI-Arecibo emitió una *"Resolución"* declarando *"No Ha Lugar"* la petición de sentencia sumaria del Hogar.[6] En su dictamen, el Foro Primario hizo las siguientes determinaciones de hechos no controvertidos:

1. Para la fecha de los hechos alegados en la demanda el Sr. Juan E. Grau Otero se desempeñaba como Agente de la Policía de Puerto Rico.[7]

2. El 22 de octubre de 2023, el Sr. Grau Otero se encontraba en las instalaciones del Hogar Mi Nuevo Hogar, Inc., atendiendo una querella.[8]

3. El Sr. Grau Otero tomó los datos para la querella y se retiró del lugar.[9]

4. Mientras salía del establecimiento, el Sr. Grau Otero sufrió una caída en la rampa que se encuentra en la salida del Hogar Mi Nuevo Hogar, Inc.[10]

5. El Sr. Grau Otero terminó en el Cuartel con los trámites relacionados con la querella.[11]

---

[2] SUMAC, Entrada Núm. 1.
[3] SUMAC, Entrada Núm. 10.
[4] SUMAC, Entrada Núm. 19.
[5] SUMAC, Entrada Núm. 21.
[6] SUMAC, Entrada Núm. 23.
[7] SUMAC, Entrada 19, Anejo 1, pág. 8.
[8] SUMAC, Entrada 19, Anejo 1, págs. 10 y 18.
[9] SUMAC, Entrada 19, Anejo 1, pág. 10.
[10] SUMAC, Entrada 19, Anejo 1, pág. 11.
[11] SUMAC, Entrada 19, Anejo 1, pág. 12.

Además, razonó que los siguientes hechos estaban en controversia:

1. En qué condición se encontraba la rampa en la que ocurrió la caída.
2. Si la parte demandada conocía de alguna condición de peligrosidad en la referida rampa.
3. Cuáles fueron los daños sufridos por el Sr. Juan Grau Otero.

Por entender que existía controversia sobre la peligrosidad, si alguna, de la rampa en la que el recurrido se accidentó, el TPI-Arecibo determinó que el pleito debía continuar. De esta manera, determinar si la peticionaria fue negligente en su mantenimiento de la rampa.

Inconforme con el resultado, la peticionaria recurrió ante nos haciendo los siguientes señalamientos de error:

PRIMER ERROR: **ERRÓ EL TRIBUNAL DE INSTANCIA AL CONCLUIR QUE LA CAÍDA DEL DEMANDANTE ERA UN RIESGO INDEPENDIENTE AL EJERCICIO DE SUS FUNCIONES, CUANDO DE LOS HECHOS INCONTROVERTIDOS SURGE QUE EL DEMANDANTE SE ENCONTRABA EN FUNCIONES OFICIALES COMO POLICÍA AL MOMENTO DEL ACCIDENTE, POR LO QUE LE APLICA LA DOCTRINA DEL *FIREMAN'S RULE*, Y POR TANTO PROCEDÍA LA DESESTIMACIÓN DE LA RECLAMACIÓN.**

SEGUNDO ERROR: **ERRÓ EL TRIBUNAL DE INSTANCIA AL NO CONSIDERAR COMO ADMITIDOS LOS HECHOS PROPUESTOS POR LA PARTE AQUÍ COMPARECIENTE EN LA SOLICITUD DE SENTENCIA SUMARIA, A PESAR DE QUE LA PARTE DEMANDANTE NO LOS REFUTÓ ESPECÍFICA NI DETALLADAMENTE COMO LO EXIGE LA REGLA 36.3(B) DE PROCEDIMIENTO CIVIL, NI PRESENTÓ PRUEBA ADECUADA QUE LOS CONTRADIJERA.**

Mediante *"Resolución"* del 21 de octubre de 2025, le concedimos a la parte recurrida hasta el 31 de octubre de 2025 para presentar su posición con relación al recurso, conforme a la Regla 37 del Reglamento del Tribunal de Apelaciones, *In re Aprob.*

*Enmdas. Reglamento TA,* 2025 TSPR 42, pág. 56-57, 215 DPR ___ (2025). En cumplimiento de orden, el 28 de octubre de 2025, Grau Otero compareció ante esta Curia mediante *"Objeción a Expedición de Certiorari".*

Con el beneficio de la comparecencia de ambas partes, y perfeccionado el recurso de epígrafe, procedemos a expresarnos.

## II.

### A. Certiorari

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023); *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *800 Ponce de León v. AIG,* 205 DPR 163, 174-175 (2020). Ahora bien, tal discreción no opera en lo abstracto. Con respecto a lo anterior y para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone, en su parte pertinente, lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o *de la denegatoria de una moción de carácter dispositivo.* No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
>
> [. . .]
>
> (Énfasis suplido).

Según se desprende de la citada Regla, este foro apelativo intermedio podrá revisar órdenes interlocutorias discrecionalmente, cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia o que revistan interés público, o en aquellas circunstancias en las que revisar el dictamen evitaría un irremediable fracaso de la justicia, entre otras contadas excepciones. *Mun. De Caguas v. JRO Construction*, 201 DPR 703, 710-711 (2019).

Luego de auscultar si el recurso discrecional cumple con las disposiciones de la Regla 52.1 de Procedimiento Civil, supra, el tribunal procederá a evaluar el recurso a la luz de la Regla 40 del Reglamento del Tribunal de Apelaciones, supra. La mencionada Regla expone los criterios que esta Curia deberá considerar para ejercer sabia y prudentemente su decisión de atender o no las controversias ante sí. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96-97 (2008). Véase, además, *Rivera et al. v. Arcos Dorados et al.*, supra, pág. 209; *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020).

Así, la Regla 40 del Reglamento del Tribunal de Apelaciones, supra, funge como complemento a la Regla 52.1 de Procedimiento Civil, supra. *Torres González v. Zaragoza Meléndez*, supra. La precitada Regla dispone lo siguiente:

> El [T]ribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> > (A)   Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
> >
> > (B)   Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C)    Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D)    Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E)    Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.

(F)    Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G)    Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Reglamento del Tribunal de Apelaciones, supra, pág. 59

*BPPR v. SLG Gómez-López,* 213 DPR 314, 337 (2023)

Sin embargo, ninguno de los mencionados criterios es determinante, por sí solo, para este ejercicio y no constituye una lista exhaustiva. *García v. Padró,* 165 DPR 324, 335 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty,* supra, pág. 97. (Énfasis omitido).

Nuestro Tribunal Supremo ha expresado también que, de ordinario, el tribunal revisor "no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". *W.M.M., P.F.M. et al. v. Colegio,* 211 DPR 871, 902-903 (2023); *Rivera y otros v. Bco. Popular,* 152 DPR 140, 155

(2000). *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

### B. Sentencia Sumaria

El mecanismo de sentencia sumaria provisto en la Regla 36 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 36, es un vehículo para asegurar la solución justa, rápida y económica de un caso. *Coop. Seguros Múltiples y otros v. ELA y otros,* 2025 TSPR 78, 216 DPR ___ (2025); *Consejo Tit. v. Rocca Div. Corp. et als,* 2025 TSPR 6, 215 DPR ___ (2025); *BPPR v. Cable Media,* 2025 TSPR 1, 215 DPR ___ (2025); *Cruz, López v. Casa Bella y otros,* 213 DPR 80, 90 (2023); *Birriel Colón v. Econo y otro,* 213 DPR 80, 91 (2023); *Serrano Picón v. Multinational Life Ins.*, 212 DPR 981, 992 (2023); *Oriental Bank v. Caballero García*, 212 DPR 671, 678 (2023); *González Meléndez v. Mun. San Juan et al.*, 212 DPR 601, 610 (2023); *Segarra Rivera v. Int'l. Shipping et al.*, 208 DPR 964, 979 (2022). Dicho mecanismo permite a los tribunales disponer, parcial o totalmente, de litigios civiles en aquellas situaciones en las cuales no exista controversia material de hecho que requiera ventilarse en un juicio plenario y el derecho así lo permita. *BPPR v. Zorrilla Posada y otro,* 214 DPR 329, 338 (2024); *Cruz, López v. Casa Bella y otros*, supra, pág. 993; *Oriental Bank v. Caballero García,* supra, pág. 678; *Segarra Rivera v. Int'l. Shipping et al.*, supra, pág. 980. Este mecanismo lo puede utilizar la parte reclamante o aquella parte que se defiende de una reclamación. Reglas 36.1 y 36.2 de Procedimiento Civil, supra.

Mediante el mecanismo de sentencia sumaria, se procura profundizar en las alegaciones para verificar si, en efecto, los hechos ameritan dilucidarse en un juicio. *León Torres v. Rivera Lebrón,* 204 DPR 20, 42 (2020). Este cauce sumario resulta

beneficioso tanto para el tribunal, como para las partes en un pleito, pues se agiliza el proceso judicial, mientras simultáneamente se provee a los litigantes un mecanismo procesal encaminado a alcanzar un remedio justo, rápido y económico. *Negrón Castro y otros v. Soler Bernardini y otros*, 2025 TSPR 96, 216 DPR ___ (2025); *Segarra Rivera v. Int'l. Shipping et al.*, supra, pág. 979; *Ramos Pérez v. Univisión*, 178 DPR 200, 214 (2010). Como se sabe, en aras de prevalecer en una reclamación, la parte promovente debe presentar prueba incontrovertible sobre todos los elementos indispensables de su causa de acción. *Id.*

Nuestro ordenamiento civil y su jurisprudencia interpretativa impone unos requisitos de forma con los cuales hay que cumplir al momento de presentar una solicitud de sentencia sumaria, a saber: (1) una exposición breve de las alegaciones de las partes; (2) los asuntos litigiosos o en controversia; (3) la causa de acción sobre la cual se solicita la sentencia sumaria; (4) una relación concisa, organizada y en párrafos enumerados de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos hechos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal; (5) las razones por las cuales se debe dictar la sentencia, argumentando el derecho aplicable, y (6) el remedio que debe ser concedido. Regla 36.3 de Procedimiento Civil, supra; *Oriental Bank v. Caballero García*, supra, pág. 679; *Pérez Vargas v. Office Depot*, 203 DPR 687, 698 (2019). Si la parte promovente de la moción incumple con estos requisitos, "el tribunal no estará obligado a considerar su pedido". *Meléndez González et al. v. M. Cuebas*, 193 DPR 100, 111 (2015).

Por otro lado, "la parte que desafía una solicitud de sentencia sumaria no puede descansar en las aseveraciones o negaciones consignadas en su alegación". *BPPR v. Cable Media,* supra; *BPPR v. Zorrilla Posada y otro,* supra; *León Torres v. Rivera Lebrón*, supra, pág. 43. Por el contrario, quien se opone a que se declare con lugar esta solicitud viene obligado a enfrentar la moción de su adversario de forma tan detallada y específica como lo ha hecho la parte promovente puesto que, si incumple, corre el riesgo de que se dicte sentencia sumaria en su contra, si la misma procede en derecho. *Id.* Es decir, el hecho de no oponer a un petitorio sumario no implica que este necesariamente proceda, sin embargo, si no se demuestra que existen controversias sustanciales sobre los hechos materiales, nada impide al foro sentenciador de dictar sentencia sumaria. *Ramos Pérez v. Univisión*, supra, pág. 215.

Por ello, en la oposición a una solicitud de sentencia sumaria, la parte promovida debe puntualizar aquellos hechos propuestos que pretende controvertir y, si así lo desea, someter hechos materiales adicionales que alega no están en disputa y que impiden que se dicte sentencia sumaria en su contra. *León Torres v. Rivera Lebrón,* supra, pág. 44. Claro está, para cada uno de estos supuestos deberá hacer referencia a la prueba específica que sostiene su posición, según exigido por la antes citada Regla 36.3 de Procedimiento Civil, supra. *Id.* En otras palabras, la parte opositora tiene el peso de presentar evidencia sustancial que apoye los hechos materiales que alega están en disputa. *Id.* De lo anterior, se puede colegir que, ante el incumplimiento de las partes con las formalidades de la Regla 36 de Procedimiento Civil de 2009, supra, la consideración de sus posiciones descansa en la sana discreción del Tribunal.

Al atender la solicitud, el Tribunal deberá asumir como ciertos los hechos no controvertidos que se encuentren sustentados por los documentos presentados por la parte promovente. *E.L.A. v. Cole*, 164 DPR 608, 626 (2005). Toda inferencia razonable que pueda surgir de los hechos y de los documentos se debe interpretar en contra de quien solicita la sentencia sumaria, pues solo procede si bajo ningún supuesto de hechos prevalece la parte promovida. *E.L.A. v. Cole*, supra, pág. 625. Además, al evaluar los méritos de una solicitud de sentencia sumaria, el juzgador o juzgadora debe actuar guiado por la prudencia y ser consciente, en todo momento, que su determinación puede conllevar el que se prive a una de las partes de su "día en corte", componente integral del debido proceso de ley. *León Torres v. Rivera Lebrón,* supra*,* pág. 44.

Sin embargo, la sentencia sumaria generalmente no procederá, cuando existan controversias sobre hechos esenciales materiales, o si la controversia del caso está basada en elementos subjetivos como intención, propósitos mentales, negligencia o credibilidad. *Soto y otros v. Sky Caterers,* 2025 TSPR 3, 215 DPR ___ (2025); *Cruz, López v. Casa Bella y otros,* supra, pág. 993; *Acevedo y otros v. Depto. Hacienda y otros,* 212 DPR 335, 350 (2023); *Segarra Rivera v. Int'l. Shipping et al.*, supra. Además, existen casos que no se deben resolver mediante sentencia sumaria porque resulta difícil reunir la verdad de los hechos mediante declaraciones juradas o deposiciones. *Jusino et als. v. Walgreens,* 155 DPR 560, 579 (2001). De igual modo, no es apropiado resolver por la vía sumaria "casos complejos o casos que involucren cuestiones de interés público". *Id.* No obstante, la sentencia sumaria procederá si atiende cuestiones de derecho. *Universal Ins. y otros v. ELA y otros,* 211 DPR 455, 471, 472 (2023).

El Tribunal Supremo de Puerto Rico ha discutido los criterios que este Tribunal de Apelaciones debe considerar al momento de revisar una sentencia dictada sumariamente por el Foro Primario. *Roldán Flores v. M. Cuebas et al.*, 199 DPR 664, 679-680 (2018); *Meléndez González et al. v. M. Cuebas*, supra, págs. 118-119. Sobre ese particular, nuestro más Alto Foro señaló que:

> [E]l Tribunal de Apelaciones debe: (1) examinar *de novo* el expediente y aplicar los criterios que la Regla 36 de Procedimiento Civil, *supra*, y la jurisprudencia le exigen al foro primario; (2) revisar que tanto la Moción de Sentencia Sumaria como su oposición cumplan con los requisitos de forma codificados en la referida Regla 36; (3) revisar si en realidad existen hechos materiales en controversia y, de haberlos, cumplir con la exigencia de la Regla 36.4 de Procedimiento Civil, 32 LPRA Ap. V, de exponer concretamente cuáles hechos materiales encontró que están en controversia y cuáles están incontrovertidos, y (4) de encontrar que los hechos materiales realmente están incontrovertidos, debe proceder a revisar *de novo* si el Tribunal de Primera Instancia aplicó correctamente el Derecho a la controversia.
>
> *Roldán Flores v. M. Cuebas et al.,* supra, pág. 679.

Conforme a lo anterior, "nos encontramos en la misma posición que el Tribunal de Primera Instancia para evaluar la procedencia de una sentencia sumaria". *Batista Valentín v. Sucn. Batista Valentín y otros*, 2025 TSPR 93, 216 DPR ___ (2025); *Coop. Seguros Múltiples y otros v. ELA y otros,* supra; *Consejo Tit. v. Rocca Div. Corp. et als,* supra; *Soto y otros v. Sky Caterers,* supra; *BPPR v. Cable Media, BPPR v. Zorrilla Posada y otro,* supra; *Cruz, López v. Casa Bella y otros,* supra, pág. 994. Por ello, nuestra revisión es una *de novo,* y nuestro análisis debe regirse por las disposiciones de la Regla 36 de Procedimiento Civil, supra, y su jurisprudencia interpretativa. De esta manera, si entendemos que los hechos materiales realmente están incontrovertidos, debemos revisar *de*

*novo* si el foro primario aplicó correctamente el derecho. *Batista Valentín v. Sucn. Batista Valentín y otros,* supra.

### C. Desestimación

La Regla 10.2 de Procedimiento Civil, supra, permite que una parte demandada en un pleito solicite la desestimación de la demanda presentada en su contra. *BPPR v. Cable Media*, supra; *González Méndez v. Acción Social de Puerto Rico,* 196 DPR 213, 234 (2016). Esta, dispone que una parte demandada presentará una moción fundamentada en: (1) la falta de jurisdicción sobre la materia; (2) la falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio y; (6) dejar de acumular una parte indispensable. *Rodríguez Vázquez et als. v. Hosp. Auxilio Mutuo*, 2025 TSPR 55, 215 DPR ___ (2025); *Inmob. Baleares, et al. v. Benabe et al.*, 214 DPR 1109, 1128 (2024); *Rivera, Lozada v. Universal,* 214 DPR 1007, 1023 (2024); *Blassino, Reyes v. Reyes Blassino*, 214 DPR 823, 833 (2024); *Costa Elena y otros v. Magic Sport y otros*, 213 DPR 523, 533 (2024).

Para que proceda una moción al amparo de la Regla 10.2, supra, el Foro Primario deberá tomar como ciertos todos los hechos alegados en la demanda y considerarlos de la manera más favorables a la parte demandante. *Díaz Vázquez et al. v. Colón Peña et al.*, 214 DPR 1135, 1149 (2024); *Inmob. Baleares, et al. v. Benabe et al.*, supra, pág. 1128; *Rivera, Lozada v. Universal*, supra, pág. 1023; *Blassino, Reyes v. Reyes Blassino*, supra, pág. 833; *Costas Elena y otros v. Magic Sport y otros*, supra, pág. 533; *Eagle Security v. Efrón Dorado et al.*, 211 DPR 70, 84 (2023); *Cobra Acquisition v. Mun. Yabucoa et. al.,* 210 DPR 384, 396 (2022); *Bonnelly Sagrado et al. v. United Surety*, 207 DPR 715, 722 (2021).

Es decir, al momento de evaluar una moción de desestimación, los tribunales deberán examinar los hechos alegados en la demanda de forma conjunta y de la forma más liberal posible a favor de la parte demandante. *Morales et al. v. Asoc. Propietarios*, 214 DPR 284, 291 (2024); *Inmob. Baleares, et al. v. Benabe et al.*, supra, pág. 1128; *Cruz Pérez v. Roldán Rodríguez et. al.*, 206 DPR 261, 267 (2021); *López García v. López García*, 200 DPR 50, 69 (2018).

Bajo esta premisa, para que una moción de desestimación prospere, se tendrá que demostrar de forma certera que el demandante no tiene derecho a remedio alguno, que pudiere probar en apoyo a su reclamación. *Inmob. Baleares, et al. v. Benabe et al.*, supra, pág. 1128*; Cobra Acquisition v. Mun. Yabucoa et. al.,* supra, pág. 398*; López García v. López García*, supra, pág. 70. Esta Regla 10.2 (5), es de las de mayor complejidad en términos jurídicos, pues, una moción al amparo de esta se fundamenta en que los hechos que alega la parte demandante, aun presumiéndose ciertos, no son suficientes como base para que se les conceda un remedio. Es decir, en efecto, procederá la desestimación si aun dando por cierto todos los hechos bien alegados del demandante, no se demuestra derecho a una reclamación. *Rivera, Lozada v. Universal,* supra, pág. 1023; *Blassino, Reyes v. Reyes Blassino*, supra, pág. 833; *Trinidad Hernández et al. v. E.L.A. et al.*, 188 DPR 828, 848 (2013).

### III.

La peticionaria recurre ante este Tribunal impugnando la determinación del TPI-Arecibo de declarar *"No Ha Lugar"* su solicitud de sentencia sumaria, mediante la cual sostuvo que se debía desestimar la demanda en su contra. Conforme la norma estatutaria y jurisprudencial antes expuesta, hemos evaluado este recurso *de novo*. Nos resulta forzoso concluir que ***nuestra***

*intervención, en esta etapa de los procedimientos, no resulta oportuna.*

De un análisis de la totalidad de la prueba, coincidimos con el Foro Primario en cuanto a que aún existen controversias que impiden disponer de este caso por vía sumaria. Lo cierto es que existen controversias en el caso de marras que versan sobre elementos subjetivos, *como la negligencia.* Además, una porción significativa de la prueba presentada por el peticionario en su moción para que se dicte sentencia sumaria descansa, mayormente, en una deposición. Como explicáramos previamente, nuestra jurisprudencia nos advierte contra la resolución sumaria de controversias, cuyos hechos descansan mayormente en declaraciones juradas o deposiciones.

Además, en virtud de que la parte peticionaria no demostró que el presente recurso se encuentra entre las instancias contempladas en la Regla 40 del Reglamento del Tribunal de Apelaciones, supra, la cual nos permite entender sobre el mismo, nos abstenemos de intervenir en el caso de epígrafe. Asimismo, es forzoso colegir que el foro impugnado no erró ni abusó de su discreción al declarar no ha lugar la solicitud de sentencia sumaria.

**IV.**

Por los fundamentos antes expuestos, *denegamos la expedición del recurso de autos.*

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones